# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY WOOGERD,

               Petitioner,      :      Case No. 2:18-cv-104

   - vs -                             District Judge Michael H. Watson
                                      Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

                                :

               Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Timothy Woogerd to obtain relief from his conviction in the Franklin County Court of Common Pleas on one count of aggravated arson and eight counts of murder. Woogerd was sentenced to imprisonment for fifty-five years to life and is serving that sentence in Respondent's custody. He pleads the following Grounds for Relief:

> **GROUND ONE**: Petitioner was denied due process of law where the evidence relied upon showed his probable innocence during the course of theory of prosecution which revealed; subsequent "new" evidence.
>
> **Supporting Facts:** Fire Investigator (DeFrancisco) and dog, canine Abbey investigated the fire at petitioner's home (974 Westridge Street) after alleged arson, that resulted in three deaths. The fire investigator nor the State, called in the assistance of an electrical expert, nor did they collect or preserve any of the ignition sources potentials, that test could be done on to rule out, (other) causes such as the electrical wiring system(s).

1

**GROUND TWO**: Petitioner was denied due process of law where evidence relied upon showed his actual innocence during the course of theory of prosecution which revealed: subsequent new evidence.

**Supporting Facts:** Fire Investigator DeFranciso formulated his opinion ignitable liquid was poured in the "area of origin" within 6½ hours prior to leaving the fire scene (Vol IV Pg 63). Defrancisco collected no photo albums or photos establishing the room's contents and their location. Nor did he interview any family members of the fire scene residence to get this information and factually rule on what did cause this fire to burn a hole in the floor inside the rear door.

**GROUND THREE:** Petitioner was denied due process of law where the evidence relied upon showed his actual innocence during the course of theory of prosecution which revealed: subsequent new evidence.

**Supporting Facts:** Fire Investigator DeFransciso looked for possible electrical sources of ignition in the area of origin and found no indication of electrical fire. DeFrancisco testified there was only one lamp plugged into an outlet in the area of origin but the lamp was at the far side of the couch. The outlet showed the mail end of the plug still in the outlet and although DeFrancisco has no special training, he can look at an outlet to see if anything warrant further investigation (Vol 111 Pg 175-177)

**GROUND FOUR**: Petitioner was denied due process of law where the evidence relied upon showed his actual innocence during the course of theory of prosecution which revealed; subsequent new evidence.

**Supporting Facts:** Fire Investigator DeFrancisco testified one of the things a fire investigator is supposed to do is thoroughly document his observations and things that would contribute to his findings. Generally he would document with photographic evidence and preparing a report based upon notes and observations he had. DeFrancisco reviewed his report in preparation for his testimony and thinks the report is a good text that he prepared to document what he saw, what he found and that his conclusions was (Vol IV Pg. 14-16)

[No Ground Five is pleaded]

**GROUND SIX:** Petitioner was denied due process of law where the evidence relied upon showed his actual innocence during the course

of theory of prosecution which revealed: prosecution knowing concealing and suppressing evidence favorable to the defense and knowing use of false evidence to conspire with state agents to convict the defendant.

**Supporting Facts:** Lead Homicide Detective Farbacher testified he "believe petition said yes" he and Robin did have an argument the night of the fire. (Vol VI Pg 78) Homicide Detective Weeks testified that in his interview with James Adair, Adair indicated he overheard an argument between his mom and petitioner. He never told Weeks he heard petitioner say "I'm going to kill you" or "I'm going to burn the house down" Vol VII Pg. 12) James Adair testified he heard it himself the petitioner say "I will kill you" at 6:30 – 7:00 p.m. right as he was leaving the house. Petitioner alleges his actual innocence is shown under circumstances revealing the following:

**GROUND SEVEN:** Petitioner was denied due process of law where evidence relied upon showed his actual innocence during the course of theory of prosecution which revealed: prosecution and their agents knowing and deliberately suppressed, concealed, spoiled and destroyed material evidence favorable to the accused.

**Supporting Facts**: Lead Homicide Detective Farbacher, Homicide Detective Weeks and Fire Investigator DeFrancisco were present at petitioner's 3 and one half hour interrogation. DeFrancisco observed via video. Farbacher's main goal was to find out where petitioner was, what he did, from A-to-Z. Petitioner left residence at 12:30-45 a.m. It was after a Browns Monday Night Football Game-Post Game. He stopped at a United Dairy Farmers store on the corner of Hall and Norton Roads and purchased a pack of Malboro Reds. From UDF he stopped at the parking lot of Sherwin-Williams and spent the rest of the night there. At the end of the interrogation petitioner was arrested for CPO violations and driving without a license and expired tags. He was released 45 days later with time served. He was arrested 3 days later for aggravated arson and aggravated murder. Before the interrogation concluded Farbacker asked the petitioner if he would be willing to take a polygraph test and petitioner replied "yes". Petitioner alleges his actual innocence is shown, under circumstances revealing the following:

**GROUND EIGHT:** Petitioner was denied due process of law where the evidence relied upon showing his actual innocence during the course of theory of prosecution which revealed: subsequent new evidence and knowing use of false evidence and obstructing justice.

**Supporting Facts:** Canine Handler Beavers and his dog Abby worked throughout the interior main floor and basement as well as the East and North Exteriors of the fire scene residence. Abby gave two primary alerts indicating the presence of ignitable liquid in 1 plastic gas can in a window well on the exterior north side and in a metal gas can allegedly found by the back porch of the east side of the exterior. Petitioner's car was worked throughout the interior driver's seating area as well as the trunk area. Abby gave 1 primary alert indicating the presence of ignitable liquid on the rear bumper, driver's side. Clothes and items were removed and Abby indicated the presence of ignitable liquid on a pair of pants buried in a trash bag in the trunk. Petitioner alleges his actual innocence is shown under circumstances revealed in the following:

**GROUND NINE**: Petitioner was denied due process of law where the evidence relied upon showed his actual innocence. During the course of theory of prosecution which revealed subsequent new evidence.

**Supporting Facts:** No place in a police information summary number five of Mar Clark's interview with Detective Farbacher at 4:40 a.m. The day of the fire did she indicate Robin directly talked to Clark, she never told Farbacher that Robin told Clark she was in fear, or that there were threats (Vol VI Pg 144) postal worker, Stephanie Berry never indicated Robin reacted scared from the alleged incident. No place in the recorded transcript of supervisor Sharon Keen interview with DeFrancisco did she indicate an altercation of petitioner yelling at Robin and throwing mail and things at her. And that Robin reacted scared. Petitioner alleged his actual innocence is shown under circumstances revealed the following:

(Petition, ECF No. 1, PageID 2-19).

**Procedural History**

Woogerd was indicted by a Franklin County grand jury on the one count of aggravated arson and eight counts of aggravated murder on March 14, 2004. A jury convicted him on the arson count and eight counts of murder and he was sentenced to the term he is now serving.

4

Represented by new counsel, he timely appealed to the Tenth District Court of Appeals which affirmed the convictions on March 30, 2007. *State v. Woogerd,* 10th Dist. Franklin No. 05AP-45, 2007-Ohio-1518 (Mar. 30, 2007), Petitioner did not at that time appeal to the Supreme Court of Ohio, but filed a notice of appeal and motion for delayed direct appeal on December 30, 2016, which that court denied on February 22, 2017. *State v. Woogerd*, 148 Ohio St. 3d 1409, 2017-Ohio-573 (2017). He filed his Petition for Writ of Habeas Corpus in this Court on November 13, 2017 (ECF No. 1). Upon the Court's Order, Respondent has filed the State Court Record (ECF No. 15) and a Return of Writ (ECF No. 16). Petitioner's Reply (ECF No. 10) renders the case ripe for decision.

# Analysis

### The Parties' Positions

Respondent asserts the Petition is barred both by the one-year statute of limitations and Petitioner's procedural defaults in presenting these claims to the Ohio courts. If the Court treats the Petition as raising a sufficiency of the evidence claim and reaches the merits, Respondent argues the Court should defer to the Tenth District Court of Appeals' decision on that question.

Petitioner begins his Reply by asserting that Respondent's counsel "failed to answer Petitioner's factual grounds." (ECF No. 20, PageID 2289). Having cited the standard for evaluating a manifest weight of the evidence claim, Petitioner then discusses for twenty pages the evidence at trial on various issues. *Id.* at PageID 2291-2312. He then discusses the standard for an evidentiary hearing in a habeas case that was laid out in *Townsend v. Sain*, 372 U.S. 293, 313

(1963). *Id.* at PageID 2313-2323. Next is Petitioner's discussion of the cause and prejudice and actual innocence/miscarriage of justice exceptions to the procedural default doctrine. *Id.* at PageID 2324-2334.

Coming to address the substance of his claims, Petitioner notes that the Due Process Clause of the Fourteenth Amendment prohibits the deliberate use of perjured testimony or falsified evidence by the prosecution. *Id.* at PageID 2337-38, citing *Giglio v. United States*, 405 U.S. 150 (1972), *Miller v. Pate*, 386 U.S. 1 (1967), and *Mooney v. Holohan*, 294 U.S. 103 (1935). Petitioner contends that a "police officer conspired to convict him through the use of perjured testimony and false evidence." *Id.* at 2339.

In a section of the Reply labeled "A person who represents himself has a fool for a client," Petitioner offers an explanation of his nine-year delay in applying to the Ohio Supreme Court for a delayed appeal. *Id.* at PageID 2342-45.

**The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA") enacted a one-year statute of limitations for habeas corpus cases, running from the latest of four possible dates set out in 28 U.S.C. § 2244(d). The default date for the statute to begin to run is the date on which the conviction becomes final. Woogerd does not claim the benefit of any later statutory date, so calculation must begin with when the conviction was final. As Petitioner acknowledges, his appellate attorney told him, a criminal defendant has forty-five days to appeal to the Supreme Court of Ohio from an adverse judgment in the court of appeals. Because the Tenth District's decision was filed March 30, 2007, Woogerd's time to appeal to the

6

Supreme Court of Ohio expired on May 14, 2007, and the statute began to run, expiring one year later on May 14, 2008. Because the Petition here was not filed until October 13, 2017[1], it is barred by the statute of limitations unless the delay can be excused.

Petitioner asserts the delay is excused by his actual innocence of the crimes of which he was convicted (Reply, ECF No. 20, PageID 2324-34). The United States Supreme Court has held that proof of actual innocence will excuse a failure to file within the statute. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In *McQuiggin* the Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

569 U.S. at 386-87 (2013). The Sixth Circuit had anticipated *McQuiggin* in *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), in which the Sixth Circuit held that Congress enacted the statute of

---

[1] Petitioner avers under oath that he deposited the Petition in the prison mail system on October 13, 2017 (Petition, ECF No. 1, PageID 20.) The Petition was not docketed by the Clerk of the Northern District until November 13, 2017, but Woogerd is entitled to the earlier date under the so-called "mailbox" rule. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

7

limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter,* 395 F.3d at 590.

The *Souter* exception does not apply when a petitioner's assertion of actual innocence is based solely on his interpretation of the law; new exculpatory evidence is required. *Ross v. Berghuis,* 417 F.3d 552, 555 (6th Cir. 2005).

Petitioner is not entitled to the benefit of the *Souter-McQuiggin* exception because he has not presented any new evidence of actual innocence of the kind required by *Schlup*. He has argued articulately and at length as to why the evidence actually presented at his trial should have resulted in an acquittal. Indeed, in his formulation of his Grounds for Relief, he repeatedly asserts that the "evidence relied upon showed his actual innocence." But the actual innocence exception requires new evidence, evidence not presented to the jury at trial.

8

Because he has not established an exception to the statute of limitations, Woorgerd's Petition should be dismissed with prejudice as untimely.

**Procedural Default**

Respondent also asserts the Petition must be dismissed for Woogerd's failure to present his claims to the Supreme Court of Ohio within the time allowed by law, to wit, within forty-five days of the decision of the Tenth District Court of Appeals.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*, *Hartman v. Bagley,* 492 F.3d 347, 357

(6th Cir. 2007), quoting *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

There is no question that Ohio has a relevant procedural rule, the forty-five day time limit on appeal is codified in the Ohio Supreme Court Rules of Practice. There is also no question that Petitioner did not comply with that rule and that the Supreme Court of Ohio held that failure against him when it denied him leave to file a delayed appeal more than nine years after the deadline.

The forty-five day time limit on appeal to Supreme Court of Ohio prescribed by S. Ct. Prac. R. 7.01(A)(1) is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (citations omitted). Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Id.* at 497-98, *citing Murray v. Carrier,* 477 U.S. 478, 488, 494-95 (1986). Where a state court is entirely silent as to its reasons for denying requested relief, as was the Supreme Court of Ohio here when it denied leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla,* 370 F.3d at 497, citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

The actual innocence exception to procedural default as exactly the same requirements as the actual innocence exception to the statute of limitations. *McQuiggin, supra.* For the reasons given above, Woogerd does not meet those requirements.

As Petitioner acknowledges, "cause" to meet the cause and prejudice exception must be something external to the petitioner. It can be the ineffective assistance of an attorney, but only ineffective assistance in a proceeding in which one is constitutionally entitled to counsel. Here

10

appellate attorney Joseph Edwards fulfilled his obligation to Petitioner by advising him of the adverse decision in the Tenth District, telling him that Edwards would not be continuing as his attorney for an appeal to the Supreme Court of Ohio and that no one else would be appointed, letting him know the deadline for filing, and so forth. Woogerd's reasons for not doing anything at the time was that he had been in correspondence with the Ohio Innocence Project for some time before the appeal, but they had told him it might take two years to evaluate his case (Reply, ECF No. 20, PageID 2343). This does not justify waiting nine years when the deadline is forty-five days.

Petitioner has not shown cause and prejudice to excuse his failure to file a timely appeal to the Supreme Court of Ohio. His Petition should be dismissed because of this procedural default.

**Merits**

In the alternative the Petition should be dismissed on the merits.

Petitioner in essence has raised one claim, to wit, that he was convicted on evidence which shows he is actually innocent. On direct appeal, this claim was presented as both an insufficient evidence and manifest weight of the evidence claim; the First Assignment of Error read:

> THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

*State v. Woogerd,* 2007-Ohio-1518, at ¶ 5

Petitioner argues his factual innocence in terms of the manifest weight of the evidence standard. That is, he says if this Court looks at the evidence actually presented, it will see that the

jury lost its way in evaluating the evidence; properly weighed, it shows that I am innocent.

There is an important difference between a manifest weight claim and an insufficient evidence claim. In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed that distinction, holding:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (1st Dist. 1983) (cited approvingly

by the Supreme Court of Ohio in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172, ¶ 3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence, whereas retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

A state court finding that the verdict is not against the manifest weight of the evidence implicitly also holds that there is sufficient evidence. *Nash v. Eberlin,* No. 06-4059, 258 F. App'x 761, (6th Cir. De2007); *Ross v. Miller*, No. 1:10-cv-1185, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011), *report and recommendation adopted at* 2011 U.S. Dist. LEXIS 60434 (N.D. Ohio Jun. 7, 2011); *Hughes v. Warden,* No. 1:10-cv-091, 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011) (Merz, Mag. J.) *report and recommendation adopted at* 2011 U.S. Dist. LEXIS 54132 (S.D. Ohio May 20, 2011) (Dlott, C.J.). A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a

reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, No. 3:03-po-2, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio Oct. 12, 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the AEDPA, two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict, under *Jackson*, and then to the

appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).

Judge Petree for the Tenth District noted that the State had not presented any direct evidence that Woogerd set the fatal fire. *State v. Woogerd,* 2007-Ohio-1518, at ¶ 12. However, it found the circumstantial evidence presented, when considered cumulatively, was sufficient to establish Petitioner set the fire. *Id.* at ¶¶ 13-26, 57-60.

Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt. *United States v. Ramirez*, 635 F.3d 249 (6th Cir. 2011); *United States v. Kelley,* 461 F.3d 817, 825 (6th Cir. 2006); *United States v. Reed,* 167 F.3d 984, 992 (6th Cir. 1999); *United States v. Beddow,* 957 F.2d 1330, 1334 (6th Cir. 1992).

"[D]irect evidence of a fact is not required. Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960) (Brennan, J.), citing *Rogers* v. *Missouri Pacific R. Co.*, 352 U.S. 500, 508, n. 17 (1957).

Even if this Court were to disregard the procedural default and the bar of the statute of limitations, it should still not find in Petitioner's favor on the merits.

**Prosecutorial Misconduct**

Although his claims are phrased in terms of the evidence, Petitioner does allege the "police officer" conspired to convict him with false evidence. (Reply, ECF No. 20, PageID 2339.

The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the rudimentary demands of justice." *Workman v. Bell,* 178 F.3d 759, 766 (6th Cir. 1998), *quoting Giglio v. United States*, 405 U.S. 150, 153 (1972). This rule applies to both the solicitation of false testimony and the knowing acquiescence in false testimony. *Workman v. Bell*, 178 F.3d 759, 766 (6th Cir. 1998), *citing Napue v. Illinois*, 360 U.S. 264, 269 (1959). However, to prevail on such a claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. *Wogenstahl v. Mitchell*, 668 F.3d 307, 323 (6th Cir. 2012), citing *Rosenkrantz v. Lafler*, 568 F.3d 577, 583-84 (6th Cir. 2009); *Brooks v. Tennessee*, 626 F.3d 878, 894-95 (6th Cir. 2010); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing United States v. Lochmondy,* 890 F.2d 817, 822 (6th Cir. 1989); *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986). The statement must be indisputably false, rather than simply misleading. *Lochmondy*, 890 F.2d at 823; *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir.

2000).

Petitioner's allegations are far too lacking in detail to satisfy the *Giglio* standard.

**Evidentiary Hearing**

In the Petition, Woogerd seeks an evidentiary hearing and he elaborates on the standard for such hearings in *Townsend v. Sain, supra*. Townsend has, however, been completely superseded by the AEDPA. Indeed, the portion of 28 U.S.C. § 2254 which enacted the *Townsend* criteria was replaced by § 2254(e) and, more importantly, by the Supreme Court's interpretation of the AEDPA in *Cullen v. Pinholster*, 563 U.S. 170 (2011). After *Pinholster*, a habeas court must decide whether a state court decision is contrary to or an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts solely on the basis of the record that was before the state courts when they decided the case. Therefore, the Court does not have authority to hold an evidentiary hearing to take new evidence.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be

permitted to proceed *in forma pauperis*.

September 17, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).