# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY WOOGERD,

           Petitioner,    :    Case No. 2:18-cv-104

  - vs -                         District Judge Michael H. Watson
                                        Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

                                      :

           Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 24) to the Magistrate Judge's Report and Recommendations which recommended dismissing the Petition (the "Report," ECF No. 21). District Judge Watson has recommitted the case for reconsideration in light of the Objections (ECF No. 25).

The Petition pleads eight Grounds for Relief which are quoted verbatim in the Report (ECF No. 21, PageID 2352-55). The Report concluded that the Petition was untimely, having been filed more than nine years after the statute of limitations expired. *Id.* at PageID 2357-60. Petitioner had sought to excuse his delay by relying on the "actual innocence" exception to the statute of limitations because he had not presented new evidence as required for that exception. *Id.*

The Report also concluded Petitioner had procedurally defaulted on his claims because he had not appealed to the Supreme Court of Ohio from the Tenth District Court of Appeals' decision within the forty-five days prescribed for such appeals. *Id.* at PageID 2360-62. Finally, the Report concluded in the alternative that Petitioner was not entitled to prevail on the merits. *Id.* at PageID

2362-67. The Report also rejected Petitioner's alternative theory of prosecutorial misconduct. *Id.* at PageID 2367-68.

**The Objections**

Reacting to the finding that Petitioner had presented no new evidence, Petitioner lists at length evidence which he says was not presented at trial, e.g., "No where [sic] at trial to the jury was an end table east of a partially consumed couch presented as burning." (ECF No. 24, PageID 2376-83). Petitioner concludes this portion of the Objections by stating"

> It should be noted that this Petition "answer" all of the Respondent's arguments of evidence at trial. Petitioner prays this Court will review all of the "various issues" and chip away the circumstantial evidence that falsely convicted him.

*Id.* at PageID 2383. That is exactly what this Court may not do. We do not sit in place of a trial jury to reweigh the evidence. A habeas petitioner cannot prevail by having the federal court "chip away" the circumstantial evidence the jury heard and the state court of appeals found was sufficient. We can only allow a petitioner through the "actual innocence gateway" to present his claims if he presents "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones,* 395 F.3d at 590, quoting *Schlup v. Delo*, 513 U.S. at 324. Petitioner has presented no new evidence that was not presented at trial. Argument against the State's circumstantial evidence does not constitute new evidence.

Petitioner next objects that "the Magistrate only viewed Petitioner's Reply"[1] and neither

---

[1] Petitioner accuses the Magistrate Judge of plagiarism because the name "Mary Clark" is misspelled at "Mar Clark" in both the Report and the Return of Writ (Objections, ECF No. 24,

2

Respondent nor the Magistrate Judge noted "the important fact that in her taped recorded interview with Fire Investigator DeFrancisco that Petition[er] was throwing mail at Robin. . . ." (Objections, ECF No. 24, PageID 2383. Petitioner then notes that neither Respondent nor the Magistrate Judge cites to the exhibits attached to the Petition.

There are eighteen numbered exhibits attached to the Petition, preceded by an index (ECF No. 1, PageID 21-65. None of these constitutes "new" evidence in the sense that it did not exist at the time of trial. In fact in the Petition, Woogerd refers to it as "newly introduced evidence." (See, e.g., PageID 17, referring to a summary of Mary Clark's testimony, handwritten notes of Detective Farbacher, and the recorded interviews of Stephanie Barry and Sharon Keene.) Apparently none of these exhibits was admitted in evidence at trial or offered to be admitted. Nor could they have been since the statements are all hearsay and many of the documents have handwritten notes apparently added by Petitioner.

To help explain his delay in filing, Woogerd indicates the photographs were obtained from his mother shortly before her death in 2012 (Objections, ECF No. 24, PageID 2384). As to handwritten notes, "Investigator Martin Yant somehow found the hand written notes among a lot of other hand written notes from other detectives. That was approximately 2010." *Id.* The Petition in this case was not filed until November 13, 2017.

More importantly, consideration of these exhibits is barred by *Cullen v. Pinholster*, 563 U.S. 170 (2011). Under *Pinholster*, a federal habeas court must decided whether the state court

---

PageID 2383. What actually happened is the Magistrate Judge copied and pasted the text of the Grounds for Relief from the Return into the Report and then did not carefully enough proofread the Report before filing. The name "Mary Clark" is correctly spelled in the Petition (ECF No. 1, PageID 17). The Return rather than the Petition was used because the text of the Return is alredy digitized and does not have to be re-typed. The Magistrate Judge apologizes to Petitioner for the error.

decision in a criminal case was an objectively unreasonable application of Supreme Court precedent or an unreasonable determination of the facts based on the record that was before the state courts when they made the decision. Petitioner complains that the State Court Record is incomplete because it does not contain "Plaintiff's Motion to Dismiss Petitioner's Motion for post-Conviction Relief." (Objections, ECF No. 24, PageID 2386). However, the State Court Record does contain "Plaintiff State of Ohio's Answer and Motion to Dismiss Defendant's Post-Conviction and Motion for Counsel." (State Court Record, ECF No. 15, PageID 203-11). If Petitioner is referring to a different document and has a copy he wishes the Court to consider, he may submit it with a motion to expand the record.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends the Petition be dismissed with prejudice as barred by the statute of limitations, Petitioner's procedural default in failing to timely appeal to the Ohio Supreme Court, and on the merits. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 30, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).