# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY WOOGERD,

            Petitioner,     :     Case No. 2:18-cv-104

  - vs -                            District Judge Michael H. Watson
                                    Magistrate Judge Michael R. Merz

LYNEAL WAINRIGHT, Warden,
  Marion Correctional Institution

                              :

            Respondent.

# DECISION AND ORDER

This habeas corpus case is before the Court on a Motion by Petitioner labeled "Motion to Expand the Record," but seeking various items of relief which will be decided seriatim.

**Motion to Strike Answer/Return of Writ**

Petitioner first seeks an order striking Respondent's Answer. In his Objections to the original Report and Recommendations, Woogerd claimed that the State Court Record did not contain a document labeled "Plaintiff's Motion to Dismiss Petitioner's Motion for post-Conviction Relief." (Objections, ECF No. 24, PageID 2386.) In the Supplemental Report and Recommendations, the Magistrate Judge noted that a document bearing a similar title and apparently intended to serve the same function was in the State Court Record (Supp. R&R, ECF No. 27, PageID 2396, citing State Court Record, ECF No. 15, PageID 203-11). If that was not the correct document, Woogerd was invited to submit the correct one for expansion of the record.

1

Woogerd did not do so, but offered an explanation of his difficulties with documents in prison.

The Magistrate Judge has reexamined the State Court Record and finds the document apparently in question is in that record as Exhibit 13. However in his Motion to Expand, Woogerd asserts the Attorney General "failed to serve the Petitioner the 'Decision and Entry Sustaining Plaintiff's Motion to Dismiss Petitioner's Motion for Post-Conviction Relief' filed June 6th 2006." (Motion, ECF No. 29, PageID 2412). Upon examination, the Magistrate Judge finds that the referenced Decision is not part of the State Court Record filed by Respondent. Therefore it is not the case that the Decision was filed here, but not served on Petitioner. A search of the web site for the Franklin County Clerk of Courts also does not reveal any such decision.[1] Petitioner has not shown how this Decision is necessary for the decision of this habeas corpus case. Therefore his Motion to Strike the Answer is DENIED.

**Motion to Disqualify the Magistrate Judge**

At the end of his Motion, Woogerd moves to strike both the Report and Recommendations (ECF No. 21) and the Supplemental Report and Recommendations (ECF No. 27) and to "disqualify Michael R. Merz from any further proceedings as Magistrate Judge of the above-captioned case." (Motion, ECF No. 29, PageID 2417).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly

---

[1] https://fcdchcjs.co.franklin.oh.us, visited December 18, 2018.

that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra;Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. Since the decision in Liteky, supra, "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, citing In re Antar, 71 F.3d 97 (3rd Cir. 1995), overruled on other grounds Smith v. Berg, 247 F.3d 532, 534 (3rd Cir. 2001).

Woogerd cites no extrajudicial source of any bias the Magistrate Judge might have against him and I have no such extrajudicial knowledge. The Motion to Disqualify is DENIED.

December 18, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge