**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

TIMOTHY WOOGERD,

    Petitioner,

v.

LYNEAL WAINRIGHT, WARDEN,
MARION CORRECTIONAL INST.,

    Respondent.

CASE NO. 2:18-CV-104
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE MICHAEL R. MERZ

## OPINION AND ORDER

On October 30, 2018, the Magistrate Judge issued a Supplemental Report and Recommendation upon recommittal to the Magistrate Judge in response to Petitioner's prior Objection, ECF 24, to the initial Report and Recommendation of the Magistrate Judge, ECF 21, again recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF 27. Petitioner has filed an Objection to the Supplemental Report and Recommendation. ECF 28. Petitioner argues at length that he was denied a fair trial based on the admission of false testimony by Firefighter Frank DeFrancisco regarding the cause of the fire. He also again asserts that he is actually innocent and the victim of a manifest miscarriage of justice, such that this Court should address the merits of his claims. Petitioner refers to his prior pleadings in this case, and again raises all of the same arguments he previously presented.

However, for the reasons well detailed in the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation, this action plainly is time-barred, and Petitioner has procedurally defaulted his claims by failing to file a timely appeal to the Ohio Supreme Court. Moreover, the record does not indicate that Petitioner has presented any new evidence supporting his actual innocence of the charges or that he can establish a basis for relief. *See Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) ("To establish actual innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation, ECF 21, 27, Petitioner's Objection, ECF 28, is **OVERRULED**. The Report and Recommendation and Supplemental Report and Recommendation, ECF 21, 27, are **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a

constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

IT IS SO ORDERED.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**